BASCHAB, Judge
(dissenting).
For the reasons set forth below, I must respectfully dissent from the majority’s opinion.
First, the majority incorrectly concludes that the juvenile court had jurisdiction to order the appellant’s father to pay restitution in this ease. Rule 31(F), Ala. R. Juv. P., specifically states, in pertinent part, that “[t]he parent[’s] ... joinder as a party makes the parent ... subject to orders to pay ... restitution.” As the majority notes, the juvenile court did not order that the appellant’s father be made a party to the proceeding. Because the juvenile court did not follow the procedure set forth in Rule 31, Ala. R. Juv. P., for making a parent a party to a juvenile proceeding, that court did not have jurisdiction to order the appellant’s father to pay restitution in this case. To hold otherwise would allow courts to hold a person responsible for acts with which he has not been properly charged.
Second, the majority incorrectly concludes that “[t]he due process afforded [the appellant’s] father in this case put him on notice of his potential liability in the case and provided him with a forum for presenting evidence to rebut the testimony regarding the value of the property destroyed by [the appellant] and his code-fendant.” Although the petitions against the appellant included a notice that a parent could be made a party to the proceeding and could be ordered to pay restitution, the juvenile court did not ever actually make the appellant’s father a party to the proceeding. Also, during the restitution hearing, the juvenile court did not indicate that it was going to order the appellant’s father to pay restitution. Nevertheless, when it issued its order nearly one month later, it ordered the appellant’s father to pay $1,000 in restitution. Under these facts, the juvenile court did not afford the appellant’s father due process.
For the above-stated reasons, I would reverse that portion Of the juvenile court’s order that requires the appellant’s father to pay restitution in this case.